IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PHILIP STEPP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:21-cv-710 |
| JAY-REESE CONTRACTORS INC., and, RONALD J. ALBEE, | § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT, REQUEST FOR DECLARATORY RELIEF, AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, PHILIP STEPP (hereinafter sometime referred to as "Plaintiff"), by and through his counsel, hereby files this Complaint, Request for Declaratory Relief, and Demand for Jury Trial ("Complaint") against Defendants, JAY-REESE CONTRACTORS INC. ("JAY-REESE"), and RONALD J. ALBEE ("ALBEE"). In support of his Complaint, Plaintiff alleges the following:

## I.
## THE PARTIES

1. Plaintiff, PHILIP STEPP, is an individual residing in Cobb County, Georgia.

2. Plaintiff is currently a citizen of the State of Georgia.

1

3. At all times material hereto, Plaintiff was a resident of Hays County, Texas.

4. Defendant, JAY-REESE CONTRACTORS, INC., is a corporation organized under the laws of the State of Texas, and has offices and does business in Hays County, Texas.

5. Defendant, RONALD J. ALBEE, is an individual residing in Travis County, Texas.

6. Defendant, RONALD J. ALBEE, is a citizen of the State of Texas.

## II.
## JURISDICTION & VENUE

7. The Court has jurisdiction over the subject matter pursuant to 20 U.S.C. § 1332 because the damages sought by Plaintiff are in excess of $75,000.00, exclusive of interest and costs, and the Parties are citizens of different States.

8. Venue is proper pursuant to 29 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

9. All conditions precedent to Plaintiff's right to recover herein and to the Defendants' liability have been performed or have occurred.

## III.
## FACTS

10. On or around May of 2012, until April 6, 2020, Plaintiff was employed by Defendant, JAY-REESE. He was initially hired as a Project Engineer and promoted to Chief Estimator in 2016.

11. On or about March 17, 2017, Plaintiff, PHILIP STEPP entered into a Buy-Sell Agreement with Defendant, JAY-REESE.

12. The Buy-Sell Agreement granted PHILIP STEPP a 4.99% interest in JAY-REESE.

13. Plaintiff's interest equals 125 shares of JAY-REESE stock.

14. On or about April 6, 2020, JAY-REESE terminated Plaintiff.

15. JAY-REESE allegedly terminated Plaintiff for cause.

16. Defendants alleges that Plaintiff's termination was for "Cause" as defined in the Buy Sell Agreement, specifically, "willful, knowing act or a series of acts or of omission which when taken together or alone, constitute a material breach by [you] of the terms of the Shareholder's employment, including any of the Company's published policies" and/or "[you] willful violation of specific lawful written directions by [your] supervisor."

17. Defendants allege that Plaintiff's "repeated, willful refusal to follow directives and communicate with [his] supervisor, RONALD J. ALBEE,

and other work-related omissions which are/were critical to company business" led to his termination.

18. Section 9 of the Buy Sell Agreement addresses how termination of employment impacts a shareholder's interest.  If a shareholder is terminated with cause or without cause, then the termination is deemed an offer to sell all of the shareholder's shares within 120 days of the termination.  However, the value of the shares is reduced by half if a shareholder is terminated with cause.  The definition of "cause" in the Buy-Sell Agreement includes "any willful, knowing act or a series of acts or of omissions which when taken tougher, or alone, constitute a material breach by the Shareholder of the terms of the Shareholder's employment, including any of the Company's published policies."

19. Under the Buy Sell Agreement, "cause shall not exist unless [JAY-REESE] has given the Shareholder written notice of the events it considers to be cause and to the extent curable, the Shareholder has had 30 days to cure the event."

20. The Buy-Sell Agreement states that a shareholder's ineffectiveness or incompetence is not deemed grounds for termination for cause.

21. Further, under the Buy-Sell Agreement a shareholder's act or omission will not be considered willful if the shareholder reasonably believed the act or omission was in, or not contrary to, the best interests of JAY-REESE.

22. At the time that ALBEE terminated Plaintiff's employment, ALBEE, nor anyone else from JAY-REESE, inquired into whether Plaintiff believed any of his acts or omissions were in, or not contract to, the best interest of JAY-REESE.

23. Plaintiff denies there is any act or omission that justifies his termination.

24. Plaintiff believes that everything he was doing was in the best interest, and not contrary to, the best interest of JAY-REESE.

25. Plaintiff also believes that everything he was not doing was in the best interest, and not contrary to, the best interest of JAY-REESE.

26. Section 14 of the Buy-Sell Agreement requires that a shareholder have a promissory note for any deferred portion of the purchase price of the shares. Plaintiff complied with this requirement.

27. On or about March 1, 2017, Plaintiff entered into a Promissory Note with JAY-REESE for the amount of $400,000 with a 1.46% interest and a maturity date of November 31, 2026.

28. The promissory note requires JAY-REESE to provide Plaintiff with written notice of default and ten (10) days to cure the default before accelerating payment on the Promissory Note.

29. The Promissory Note provides that in the event of a conflict between the Promissory Note and any provision of a loan agreement or security agreement of the same transaction, then the Promissory Note controls.

30. Plaintiff did not default on any of his payments.

31. On or about March 1, 2017, Plaintiff entered into a Security Agreement for Stock Purchase Agreement ("Security Agreement").

32. The Security Agreement is between Plaintiff and ALBEE, an individual.

33. ALBEE agreed to lend Plaintiff $400,000 to purchase 125 shares of the common stock of JAY-REESE.

34. Under the Security Agreement, ALBEE is permitted to hold the stock shares as security for payment of the note and ALBEE shall deliver the shares to Plaintiff upon repayment of the promissory note.

35. If Plaintiff should fail to perform any terms of the Security Agreement or fail to make payments under the Promissory Note, then ALBEE shall have all the rights and remedies of a creditor and secured party at law and in equity, including those available under the Texas Uniform Commercial Code.

36. Plaintiff did not default on the Promissory Note.

37. Plaintiff did not fail to perform any terms of the Security Agreement.

38. Plaintiff did not breach any terms of the Buy-Sell Agreement.

39. JAY-REESE failed to provide Plaintiff with either 30 days (in accordance with the Buy-Sell Agreement) to cure or 10 days to cure the event (in accordance with the Promissory Note) after providing written notice of the event it determines supports a for cause termination.

40. On or about May 13, 2020, JAY-REESE sent Plaintiff a letter alleging that since Plaintiff was "terminated for cause," then he was only entitled to receive 50% of the value of his shares.

41. JAY-REESE also informed Plaintiff that he owed a balance of $121,188.13 under the Promissory Note with JAY-REESE, which was secured by the Security Agreement with ALBEE.

42. The value of Plaintiff's shares is calculated by determining the total book value of the company, which is based on a formula set forth in the Buy-Sell Agreement.

43. On or about August 7, 2020, JAY-REESE issued Plaintiff a check in the amount of $84,472.00.

44. This amount reflected the total book value of the company as calculated by JAY-REESE, reduced by 50%, and deducting the $121,188.13 remaining balance on the Promissory Note.

45. Due to this insufficient payment, Plaintiff is still a shareholder of JAY-REESE, and per the book value as calculated by JAY-REESE, Plaintiff still owns approximately 74 shares of JAY-REESE.[1]

46. Albee wrongfully accelerated payment on a promissory note without a default of the note and deducted the full balance of the promissory note from the payment to Plaintiff.

47. ALBEE, was a vice-principal of JAY-REESE.

48. ALBEE is a corporate officer of JAY-REESE.

49. ALBEE has the authority to employ, direct, and discharge an employee of JAY-REESE, such as Plaintiff.

50. ALBEE is engaged in the performance of nondelegable or absolute duties of JAY-REESE.

51. JAY-REESE has confided ALBEE with the management of the business of JAY-REESE.

---

[1] Jay-Reese calculates the value of Mr. Stepp's 125 shares to be $205,000 (equal to $1,640 per share), and has not paid $121,188.00 of that amount. Therefore, by Jay-Reese's own calculations, Mr. Stepp still owns 74 shares of Jay-Reese.

8

52. At all times relevant to this lawsuit, ALBEE, was acting in the course and scope of his employment with Defendant JAY-REESE.

53. Defendant JAY-REESE is liable and responsible to Plaintiff for the acts and omissions of its employees, servants, agents, ostensible agents, officers and representatives under the doctrines of *respondeat superior*, agency, vicarious liability, agency by estoppel, and non-delegable duty.

54. Defendant JAY-REESE is liable to Plaintiff under the doctrine of *respondeat superior* for the actions of its employee, ALBEE.

## IV.
## CAUSES OF ACTION

### COUNT I
### Breach of Contract Against JAY-REESE

55. Plaintiff re-alleges paragraphs 1-54, *supra*, and incorporate them herein by this reference.

56. JAY-REESE and Plaintiff are parties to valid and existing contracts, specifically the Buy-Sell Agreement and Promissory Note.

57. Plaintiff performed his obligations under the contracts.

58. JAY-REESE breached the contracts by, among other things, wrongfully accelerating the Promissory Note and deducting the full balance from the amount JAY-REESE paid to Plaintiff for his shares of stock, alleging that Plaintiff's termination is for cause, and failing to provide Plaintiff either

with either 30 days (in accordance with the Buy-Sell Agreement) to cure or 10 days (in accordance with the Promissory Note) to cure any events or omissions JAY-REESE claims led to Plaintiff's alleged for cause termination.

59. Due to JAY-REESE's breaches of the contracts, Plaintiff has suffered injury and damages. Plaintiff seeks to recover from JAY-REESE for these injuries and damages.

60. Plaintiff seeks to recover his reasonable attorneys' fees under Section 38.001(8) of the Texas Civil Practice & Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant, JAY-REESE, as follows:

    A.    Judgment against Defendant, JAY-REESE, including economic, mental anguish, exemplary damages;

    B.    To the extent allowable by law, interest before and after judgment at the highest rate provided by law, until paid;

    C.    Costs of suit;

    D.    Attorneys' fees and expenses;

    E.    Exemplary damages; and

    F.    Any and all other relief, both at law and in equity, which the jury deems to be fair and reasonable, and to which Plaintiff may show to be justly entitled.

## COUNT II
## Breach of Contract Against RONALD J. ALBEE

61. Plaintiff re-alleges paragraphs 1-54, *supra*, and incorporate them herein by this reference.

62. ALBEE and Plaintiff are parties to a valid and existing contract, specifically the Security Agreement.

63. Plaintiff performed his obligations under the contract.

64. ALBEE breached the contracts by, among other things, improperly enforcing the Security Agreement.

65. Due to ALBEE's breach of the contract, Plaintiff has suffered injury and damages. Plaintiff seeks to recover from ALBEE for these injuries and damages.

66. Plaintiff seeks to recover his reasonable attorneys' fees under Section 38.001(8) of the Texas Civil Practice & Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant, ALBEE, and as follows:

A. Judgment against Defendant for economic, mental anguish, exemplary damages;

B. To the extent allowable by law, interest before and after judgment at the highest rate provided by law, until paid;

C. Costs of suit;

D. Attorneys' fees and expenses;

E. Exemplary damages; and

F. Any and all other relief, both at law and in equity, which the jury deems to be fair and reasonable, and to which Plaintiff may show to be justly entitled.

## COUNT III
## Conversion Against DEFENDANTS

67. Plaintiff re-alleges paragraphs 1-54, *supra*, and incorporate them herein by this reference.

68. Plaintiff was entitled to the possession of the $121,188.13, as well as the amount owed to him for being terminated without cause, that JAY-REESE withheld when wrongfully accelerating the Promissory Note.

69. Plaintiff was entitled to the possession of all 125 shares of JAY-REESE stock that was granted to him under the Buy-Sell Agreement.

70. Defendants are liable for exemplary damages because the harm to Plaintiff resulted from malice or fraud.  When ALBEE continued to retain control over the portion of stock owned by Plaintiff, he was acting with the specific intent to cause substantial injury or harm to Plaintiff.

71. The malice is attributable to JAY-REESE because ALBEE was employed by JAY-REESE as a vice-principal and was acting in the scope of his employment.

72. JAY-REESE AND ALBEE assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with Plaintiff's rights.

73. JAY-REESE refused Plaintiff's demand for the return of the property.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendants, jointly and severally, as follows:

A. Judgment against Defendants for including economic, mental anguish, punitive and exemplary damages;

B. To the extent allowable by law, interest before and after judgment at the highest rate provided by law, until paid;

C. Costs of suit;

D. Attorneys' fees and expenses;

E. Exemplary damages; and

F. Any and all other relief, both at law and in equity, which the jury deems to be fair and reasonable, and to which Plaintiff may show to be justly entitled.

## COUNT IV
## Breach of Fiduciary Duty

74. Plaintiff re-alleges paragraphs 1-54, *supra*, and incorporate them herein by this reference.

75. Under the Security Agreement, ALBEE is the Trustee of the shares of JAY-REESE stock owned by Plaintiff and therefore owes a fiduciary duty to Plaintiff.

76. ALBEE breached that fiduciary duty when he, among other things, continues to retain control over the portion of stock still owned by Plaintiff, due to the insufficient payment from JAY-REESE.

77. Albee had a specific intent to cause substantial injury or harm to Plaintiff with his breach of fiduciary duty.

78. Defendant, ALBEE, committed this breach of fiduciary duty with malice and therefore is liable for punitive damages.

79. Defendant, ALBEE, is liable for exemplary damages because the harm to Plaintiff resulted from malice or fraud.  When Defendant, ALBEE, continued to retain control over the portion of stock owned by Plaintiff, he was acting with the specific intent to cause substantial injury or harm to Plaintiff.

80. The malice is attributable to JAY-REESE because ALBEE was employed by JAY-REESE as a vice-principal and was acting in the scope of his employment.

81. Defendant, JAY-REESE, had knowledge of the acts of Defendant, REESE, conducted, but failed to repudiate such conduct.

82. Defendants are liable for exemplary damages because the harm to Plaintiff resulted from malice or fraud. When ALBEE continued to retain control over the portion of stock owned by Plaintiff, he was acting with the specific intent to cause substantial injury or harm to Plaintiff.

83. The malice is attributable to JAY-REESE because ALBEE was employed by JAY-REESE as a vice-principal and was acting in the scope of his employment.

84. Due to ALBEE's breach of his fiduciary duty, Plaintiff has suffered injury and damages. Plaintiff seeks to recover from ALBEE and JAY-REESE for these injuries and damages, including punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendants, jointly and severally, as follows:

A. Compensatory, exemplary, punitive and unliquidated damages;

B. To the extent allowable by law, interest before and after judgment at the highest rate provided by law, until paid;

C. Costs of suit;

D. Attorneys' fees and expenses; and

F. Any and all other relief, both at law and in equity, which the jury deems to be fair and reasonable, and to which Plaintiff may show to be justly entitled.

## COUNT VI
## DECLARATORY RELIEF

85. Plaintiff re-alleges paragraphs 1-54, *supra*, and incorporate them herein by this reference.

86. Pursuant to Texas Civil Practice and Remedies Code Sections 37.001, et seq., the Court may declare rights, status, and legal relations whether or not further relief is or could be claimed, and before or after breach of contract.

87. Plaintiff seeks a judgment declaring that Plaintiff is still a shareholder of Jay-Reese and owns approximately 74 shares of Jay-Reese stock.

88. Plaintiff also seeks costs under Civil Practice and Remedies Code Chapter 37 and 38.

89. Plaintiff is entitled to recover costs and reasonable and necessary attorney fees that are equitable and just under Texas Civil Practice and Remedies Code Section 37.009, because this is a suit for declaratory judgment.

Plaintiff is also entitled to recover its costs and reasonable attorney's fees under Texas Civil Practice and Remedies Code Section 38.001.

**WHEREFORE**, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and Plaintiff have Judgment against Defendants, jointly and severally, as follows:

A. Declare that Plaintiff as a shareholder pursuant to the Buy-Sell Agreement;

B. Costs and reasonable and necessary attorney's fees as are equitable and just;

C. To the extent allowable by law, interest before and after judgment at the highest rate provided by law, until paid; and

D. Additional damages or relief as may be determined to be just and proper, in equity and in law.

## V.
## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case.

Dated:

Respectfully submitted,

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Megan@rosslawgroup.com

*/s/ Daniel B. Ross*

**DANIEL B. ROSS**
Texas Bar No. 789810

**MEGAN E. EVANS**
Texas Bar No. 24090092

**ATTORNEYS FOR PLAINTIFF**